**Petition of HUBBARD.**

Court of Appeals of Kentucky.

March 12, 1954.

Rehearing Denied May 28, 1954.

Robert H. Hubbard, pro se.

PER CURIAM.

This cause comes before us on the petition of Hon. Robert Hubbard, a member of the Louisville Bar, under § 3.590 of the Rules of this Court, p. 3260 KRS, wherein he asks us to review an advisory opinion of the Board of Bar Commissioners, which was unfavorable to him. The question he propounded to the Board reads:

"Is it permissible, ethical and honorable for your petitioner to examine or have examined by others, the records of judgments in the Jefferson Circuit Court or any other Circuit Court in the State of Kentucky, to ascertain unsatisfied judgments and then to contact either personally or by letter the attorney who obtained the judgment and to inform such attorney that this petitioner is specializing in the collection and satisfaction of judgments and in informing such attorney the terms upon which he accepts such employment and that if said attorney desires his services in investigating the possibility of collecting such judgment, he would be glad to act for him?"

The Board referred the question to the Committee on Unauthorized Practice of Law. All but two of the seven members of the Committee reported that "the procedure proposed by Mr. Hubbard falls squarely within the prohibition of Canon 28 of the Code of Ethics of the American Bar Association," which condemns stirring

up strife and litigation and hunting up defects in title or other causes of action and informing thereof in order to be employed to bring suit or collect judgment. The Board adopted the report of the Committee and Mr. Hubbard asks us to review the action of the Board.

It might be well here to quote our rule 3.170, p. 3248 KRS:

"The Court recognizes and accepts the principles embodied in the American Bar Association's Canons of Professional and Judicial Ethics as a sound statement of the standard of professional conduct required of members of the Bench and Bar, and the Court regards these Canons as persuasive authority in all disciplinary proceedings against members of the Bar."

The same idea is expressed in 7 C.J.S., Attorney and Client, § 23, p. 742, and says an attorney may be disciplined for not observing the Canons of the American and State Bar Associations.

Petitioner argues that while an attorney may not employ persons to solicit business for him, yet a lawyer may solicit business himself, especially from other attorneys, citing such cases as Chreste v. Com., 171 Ky. 77, 186 S.W. 919, Ann.Cas. 1918E, 122; Chreste v. Louisville Railway Co., 167 Ky. 75, 83, 180 S.W. 49, L.R.A. 1917B, 1123; Lenihan v. Com., 165 Ky. 93, 176 S.W. 948, L.R.A.1917B, 1132. An examination of these authorities shows they relate to instances where attorneys employed "runners", with the exception of the Lenihan opinion where the attorney endeavored to instigate the bringing of suit after learning the matter was in process of settlement. In the Louisville Railway case there is a rather full discussion on solicitation by lawyers showing some forms that are permissible and others that are not.

At times it becomes a very close question as to what forms of solicitation are objectionable and what are not. Certainly, showing a social courtesy and joining a club or playing a game with one in the hope of obtaining professional employment may not be condemned. Many lawyers purposely attract business through their personalities and social graces, but such practices can hardly be classed as solicitation. Without going into a long discussion on the subject, we are content to call attention to the somewhat recent case of Louisville Bar Ass'n v. Hubbard, 282 Ky. 734, 139 S.W.2d 773, where it was said that solicitation was not in keeping with the ethics of the profession and we cannot condone it, yet an attorney can solicit business with impunity where he does not take advantage of the ignorance or weakness, or suffering or human frailties of expected clients and where no inducement is offered them. We now add, "and where he does not stir up strife and litigation and hunt up defects in title or other causes of actions and inform thereof in order to be employed to bring suit or collect judgment," as condemned in Canon 28 of the American Bar Association.

While attorneys may solicit business from other lawyers, this is likewise a practice we cannot condone. However, that is usually done after the litigation is started and is not "stirring up strife". Mr. Hubbard by looking up judgments and reporting to the attorneys who obtained them that he thought same could be collected, would certainly be "stirring up strife", as in most instances it would be necessary to issue an execution and then bring an action upon "return of no property found". If he did this in Jefferson County, then through associates he could do it in every county in the Commonwealth. Thus there could be a multitude of lawyers investigating the records for unsatisfied judgments in every circuit clerk's office in the State with the expectation of reporting to the attorneys who obtained the judgments so that Mr. Hubbard, or his associates, could institute suits in every county in the State in the hope of collecting unsatisfied judgments. This would certainly bring the profession into disrepute. Furthermore, many judgments which have been paid are never marked satisfied on the records, and the debtors in them could very well be harassed by Mr. Hubbard, or his associates, prying

into their private and business affairs to ascertain if they were financially worth the amount of the judgment.

We agree with the Board that such action as Mr. Hubbard asks to be approved certainly runs afoul of § 28 of the Canons of the American Bar Association and is to be condemned as unworthy of members of the legal profession.